ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CENTRO POOL & JR CONSTRUCTION INC. Y OTROS<br><br>Demandante<br><br>vs.<br><br>GLADIMAR ORTIZ APONTE Y OTROS<br><br>Demandados<br><br>JOSUÉ RODRÍGUEZ ORTIZ<br><br>Recurrido<br><br>Vs.<br><br>GLADIMAR ORTIZ APONTE<br><br>Peticionaria | KLCE202400276 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Civil Núm.:<br>AI2022CV00215<br>CR2022CV00137<br><br>Sobre:<br>División de Bienes |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2024.

El día 5 de marzo de 2024, la parte peticionaria Gladimar Ortiz Aponte, presentó "Petición de *Certiorari*" junto a "Moción Solicitando Auxilio de Jurisdicción".

De entrada, declaramos No Ha Lugar la "Moción Solicitando Auxilio de Jurisdicción" y habiendo comparecido todas las partes y perfeccionado el recurso resolveremos el mismo.

Se nos solicita que revisemos una Resolución y Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Comerío, el 1 de marzo de 2024, notificada ese mismo día en la

causa de este epígrafe que son dos casos consolidados por Orden del TPI del 9 de diciembre de 2022.

Por los fundamentos que exponemos a continuación, *denegamos* el recurso ante nuestra consideración.

**I.**

El 2 de junio de 2022, el señor Josué Rodríguez Ortíz (en adelante, "querellante o recurrido") presenta demanda en el TPI contra la aquí peticionaria Gladimar Ortiz Aponte, a la que se le da número CR2022CV00137. El 24 de junio de 2022 se presenta demanda por Centro Pool & JR Construction, Inc. y otros v. Gladimar Ortiz Aponte, a la que se le dio el número AI2022CV00215.

El 5 de julio de 2022, el Lcdo. Marco Rigau asumió la representación de la aquí peticionaria en el caso con número CR2022CV00137. El 2 de agosto de 2022 también asumió la representación de la aquí peticionaria en el caso AI2022CV00215.

El 12 de diciembre de 2022 se notificó Orden consolidando ambos casos. No obstante, el 8 de noviembre de 2023, la aquí peticionaria se acogió al Capítulo 11 de la Ley de Quiebras Federal y el 10 de noviembre de 2023 se paraliza uno de los casos y luego, por Orden del 22 de enero de 2024, el Tribunal Federal de Quiebras emite una modificación a la paralización automática en el caso de Quiebras de la peticionaria para que pueda continuar el caso CR2022CV00137.

El 9 de enero de 2024 se solicitó el relevo, por razones de salud, de la representación del Lcdo. Rigau. El mismo 9 de enero de 2024 se relevó al Lcdo. Rigau de su representación en el caso con el número AI2022CV00215.

Por Orden del 23 de enero de 2024 se ordena reapertura y continuación de dicho caso y esa Orden se notificó el 25 de enero

de 2024. En dicha Orden se reiteró que continuarían los procedimientos pautados para el 7 de marzo de 2024 y se le recordó a la peticionaria que debía contratar representación legal que viniera preparada para la continuación de los procedimientos.

Mediante Moción Informativa, Solicitud de Término y Re-Señalamiento del Juicio, presentada por la peticionaria el 14 de febrero de 2024, en torno a extender el término para conseguir abogado y posponer el señalamiento de la continuación del juicio.

El mismo 14 de febrero de 2024 el TPI le indicó a la peticionaria que no se transferirá el juicio y que concedía 15 días finales para anunciar nueva representación legal. De nuevo. El 29 de febrero de 2024 la peticionaria presenta Moción Sobre Representación Legal de la Parte Demandada para que se posponga el juicio pautado y se le conceda tiempo adicional para obtener nueva representación legal. El 1 de marzo de 2024 el TPI le denegó esa otra petición de suspensión del caso y de necesitar tiempo adicional para conseguir nueva representación.

El 5 de marzo de 2024, en el caso de epígrafe, se presentó por derecho propio por la peticionaria, ante este foro apelativo, una Petición de Certiorari y una Moción en *Auxilio de Jurisdicción*, para que revisemos la Resolución y Orden del 1 de marzo de 2024.

Plantea el siguiente error:

Erró el Tribunal de Comerío al resolver que debo acudir al Juicio que empieza el 7 de marzo de 2024 aunque no tengo abogado en este caso y no tengo dinero para contratar a ninguno si el Tribunal de Quiebras no lo permite. Eso evite tener acceso a la Justicia

La parte recurrida ha comparecido mediante escrito titulado Oposición a Moción en Auxilio de Jurisdicción y a que se Expida Auto de Certiorari.

Hemos evaluamos los escritos, conforme la normativa que rige, tanto para los autos de *certiorari,* como para las solicitudes de auxilio de jurisdicción y estando el asunto perfeccionado para ser resuelto, aquí lo hacemos.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto

de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si

no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**B.**

De otra parte, la Regla 79 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.79 es la disposición que regula las mociones en auxilio de la jurisdicción. A tales efectos, en lo aquí pertinente, la Regla 79 dispone como sigue:

> (A) Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional, la cual será obligatoria para las partes en la acción, sus oficiales, agentes, empleados, empleadas, abogados, y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. […]
>
> (E) Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70, llevará el mismo epígrafe del caso principal, deberá ser notificada a las demás partes, y a cualquier persona contra quien se solicita un remedio, mediante el método que asegure que éstas queden notificadas de la solicitud simultáneamente con su presentación, y hará constar la notificación en la propia solicitud. De presentarse la solicitud de orden el mismo día en que se presenta el recurso, la notificación simultánea de dicha solicitud incluirá la notificación del recurso con su Apéndice. A los fines de la notificación simultánea a que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación.
> [. . . . . . . .]

En cuanto a las mociones de auxilio de jurisdicción, el Tribunal Supremo ha sido enfático al indicar que dicho remedio es "excepcional de trascendental importancia en casos donde

existan situaciones de verdadera urgencia". Véase <u>Marrero Rivera v. Dolz</u>, 142 DPR 72, 73 (1996) (Resolución).

### III.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

### IV.

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* y la moción en auxilio de jurisdicción*.*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones